UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | | |
|---|---|---|
| **KEITH A. HALLIBURTON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 06-CV-2111 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On June 2, 2006, Petitioner, Keith A. Halliburton, filed a Motion to Vacate, Set Aside or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. Petitioner asked this court to correct or set aside its earlier judgment in this case. Because this is Petitioner's second motion under 28 U.S.C. § 2255, this court concludes that it must be dismissed.

### BACKGROUND

On November 24, 1998, Petitioner pled guilty to the offense of possession of cocaine base (crack) with the intent to distribute. The guilty plea was entered pursuant to a written plea agreement which preserved his right to appeal this court's denial of his previously filed motion to suppress. On April 30, 1999, this court sentenced Petitioner to a term of 240 months in the Federal Bureau of Prisons. Petitioner appealed, and the Seventh Circuit Court of Appeals affirmed his conviction on October 2, 1999.

On August 3, 2005, Petitioner filed, in his criminal case, a Motion to Reopen Via Federal Rule of Civil Procedure 60(b). This court entered an Order denying the Motion on August 8, 2005. On August 23, 2005, Petitioner filed a pro se motion to convert the Rule 60(b) motion to a motion under 28 U.S.C. § 2255. Accordingly, on August 24, 2005, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 was filed in Case No. 05-2186. On February 10,

2006, this court entered an Opinion in that case.  This court granted the Government's Motion to Dismiss and dismissed Petitioner's Motion under § 2255 as untimely.

On May 19, 2006, Petitioner filed, in his criminal case, a Motion to Reopen Via Federal Rule 60(b) for the Sole Purpose to obtain Vacatur of a Judgment that is Void.  This court entered a text order the same day denying the Motion.  This court stated it carefully reviewed Petitioner's motion and found that he was not entitled to the relief sought.

## ANALYSIS

As noted, Petitioner has now filed a new Motion under § 2255 in this case.  Paragraph 8 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), requires a second or successive § 2255 motion to be certified by the Court of Appeals as set out in 28 U.S.C. § 2244.  Morrison v. United States, 2006 WL 156823, at *1 (C.D. Ill. 2006).  Petitioner did not receive authorization from the Seventh Circuit Court of Appeals to commence his successive § 2255 motion.

"A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original); see also Lambert v. Davis, ___ F.3d ___, 2006 WL 1480693, at * 3 (7th Cir. 2006).  Therefore, this court must dismiss this motion because Petitioner has failed to meet the certification requirements of § 2255, par. 8.  See Morrison, 2006 WL 156823, at *2.  Because the Court of Appeals has not given approval for the filing, this court lacks jurisdiction, and Petitioner's Motion must be dismissed.  See Nunez, 96 F.3d at 991; Morrison, 2006 WL 156823, at *2.

IT IS THEREFORE ORDERED THAT:

(1) For the reasons stated, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is dismissed for lack of jurisdiction.

(2) This case is terminated.

ENTERED this 6th day of June, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE